**KOLLER LAW LLC**
David M. Koller, Esq. (90119)
Jordan D. Santo, Esq. (320573)
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
T: (215) 545-8917
F: (215) 575-0826
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **KHADIJAH HICKSEN-EDWARDS,** | : | **Civil Action No.** |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Complaint and Jury Demand** |
| | : | |
| **CLEMENS FOOD GROUP,** | : | |
| **Defendant.** | : | |

**CIVIL ACTION**

Plaintiff, Khadijah Hicksen-Edwards (hereinafter "Plaintiff"), by and through her attorney, Koller Law, LLC, bring this civil matter against Clemens Food Group (hereinafter "Defendant"), for violations of Title VII of the Civil Rights Act of 1964, as amended ("Title VII") and the Pennsylvania Human Relations Act ("PHRA"). In support thereof, Plaintiff avers as follows:

**THE PARTIES**

1. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
2. Plaintiff is an adult individual residing in Yeadon, PA.
3. Upon information and belief, Defendant Clemens Food Group is a food processing company with a location and corporate headquarters located at 2700 Clemens Road, Hatfield, PA 19440.
4. At all times relevant hereto, Defendant employed managers, supervisors, agents, and

employees who Plaintiff alleges had the authority to make decisions concerning Plaintiff's employment. In making said decisions, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

5. At all times relevant hereto, Defendant employed managers, supervisors, agents, and employees who acted directly or indirectly in the interest of the employer. In so acting, these individuals engaged in the pattern and practice of discriminatory treatment, which forms the basis of Plaintiff's allegations in the instant Complaint.

## JURISDICTION AND VENUE

6. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.

7. The Court may properly maintain personal jurisdiction over Defendant because the Defendant's contacts with this state and this judicial district are sufficient for the exercise of jurisdiction and comply with traditional notions of fair play and substantial justice, thus satisfying the standard set forth by the United States Supreme Court in International Shoe Co. v. Washington, 326 U.S. 310 (1945) and its progeny.

8. The Court may exercise original subject-matter jurisdiction over the instant action pursuant to 28 U.S.C. §§ 1331 and 1343(a)(4) because it arises under the laws of the United States and seeks redress for violations of federal law.

9. The Court may also maintain supplemental jurisdiction over state law claims set forth herein pursuant to 28 U.S.C. § 1367(a) and Rule 18(a) of the Federal Rules of Civil Procedure because they are sufficiently related to one or more claims within the Court's original jurisdiction that they form part of the same case or controversy.

10. Venue is properly laid in the Eastern District of Pennsylvania pursuant to 28 U.S.C. §§

1391(b)(1) and 1391(b)(2) because Plaintiff is domiciled in this judicial district, the Defendant is located in this judicial district and because all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

11. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
12. Plaintiff exhausted her administrative remedies under Title VII and the PHRA.
13. Plaintiff timely filed a Charge of Discrimination ("Charge") with the U.S. Equal Employment Opportunity Commission ("EEOC"), digitally signed on June 3, 2026, alleging race and color discrimination against Defendant.
14. The Charge was assigned a Charge Number 530-2026-07061 and was dual filed with the Pennsylvania Human Relations Commission ("PHRC").
15. The EEOC issued Plaintiff a Dismissal and Notice of Rights ("Right to Sue") via request relative to the Charge and that Notice is dated June 11, 2026.
16. Prior to the filing of this action, Plaintiff notified the EEOC of her intent to proceed with a lawsuit in federal court.
17. Plaintiff files the instant Complaint within ninety (90) days of her receipt of her Right to Sue in this matter, as it relates to her federal law claims, and within two (2) years of the issuance of the Right to Sue in this matter as it relates to her PHRA claims.
18. Plaintiff has exhausted her administrative remedies as to the allegations of this Complaint.

## MATERIAL FACTS

## PLAINTIFF'S EMPLOYMENT HISTORY

19. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
20. Plaintiff is African American.

21. On or about January 15, 2026, Defendant hired Plaintiff in the position of Food Safety Quality Assurance Technician I.

22. Plaintiff was well qualified for her position and performed well.

23. Importantly, Plaintiff and Badia Haynes (African American), Food Safety Quality Assurance Technician I, were the only African American female employees at the facility.

**PLAINTIFF'S INITIAL TRAINER REFUSED TO TRAIN HER DUE TO HER PREVIOUS EXPERIENCE**

24. At the start of Plaintiff's employment, her initial trainer, an employee of African origin, informed Plaintiff that he did not need to train her because she had prior relevant experience.

25. Plaintiff appropriately protested that she required training regardless of her prior experience, as she recognized that she was nonetheless in a new employment environment with company-specific processes, policies and procedures,

26. However, the initial trainer continued to refuse to provide Plaintiff with training.

**PLAINTIFF COMPLAINED ABOUT NOT RECEIVING TRAINING AND WAS ASSIGNED A NEW TRAINER**

27. As a result, Plaintiff escalated the matter of her supervisor.

28. Defendant thereafter assigned Plaintiff to a new trainer.

29. While this particular issue was ultimately remediated, it reflects the broader pattern of differential and dismissive treatment to which Plaintiff was subjected from the outset of her employment.

**PLAINTIFF'S TRAINER DIRECTED PLAINTIFF AND HAYNES TO THE FACILITY LOBBY AFTER THEY COMPLETED THEIR ASSIGNED PRODUCTION WORK**

30. On or about February 12, 2026, Plaintiff, Haynes and a Hispanic coworker who had been serving as a trainer for both Plaintiff and Haynes were present together in the facility lobby following the completion of their assigned production work.
31. The Hispanic coworker initiated the lobby visit and remained present for its full duration of approximately thirty-six (36) minutes.
32. All three (3) employees had completed their production responsibilities before the conversation took place.

**DEFENDANT QUESTIONED PLAINTIFF REGARDING HER BREAKS ON FEBRUARY 12, 2026 AND THEN SUSPENDED HER**

33. On February 17, 2026, Plaintiff was summoned to a meeting with the Superintendent and Human Resources Representative.
34. During the meeting, the Superintendent questioned Plaintiff regarding what time she had taken breaks on February 12, 2026.
35. When Plaintiff indicated she was uncertain of the precise times and asked why she was being questioned, the Superintendent turned to the lobby conversation with Haynes and the Hispanic coworker.
36. The Human Resources Representative then characterized the approximate thirty-six (36) minute lobby conversation, which occurred after production had concluded, as "stealing time."
37. Plaintiff was sent home at the conclusion of that meeting.

**THE HISPANIC COWORKER INVOLVED IN THE INCIDENT ON FEBRUARY 12, 2026 WAS NOT DISCIPLINED OR SUSPENDED FOR THE INCIDENT**

38. The Hispanic coworker who brought Plaintiff and Haynes to the lobby, participated in the conversation for its entirety, and who had been subject to two (2) separate allegations of sexual harassment within February 2026, was not sent home, disciplined or terminated regarding the February 12, 2026 lobby incident.
39. The disparity is inexplicable on any basis other than race.

**DEFENDANT TERMINATED PLAINTIFF**

40. On February 20, 2026, Defendant terminated Plaintiff for allegedly having engaged in "time theft" in connection with the February 12, 2026 lobby conversation.
41. Plaintiff had not received any prior warnings or disciplines.
42. She had not been advised at the time during her employment that remaining in the lobby after the completion of production work was impermissible, let alone that it would constitute a terminable offense.
43. In addition, Defendant also terminated Haynes for the same incident.
44. The application of the "time theft" rationale exclusively against the only two African American female employees in the facility, while the Hispanic coworker who engaged in identical conduct was not disciplined at all, notwithstanding her active record of serious workplace misconduct, confirms that race was the determinative factor in Defendant's decision to terminate Plaintiff's employment.
45. Defendant discriminated against Plaintiff due to his race in violation of Title VII and the PHRA.
46. Defendant's acts and/or omissions were willful or performed with reckless disregard to Plaintiff's federal statutorily protected rights.

**COUNT I – RACE DISCRIMINATION**
**TITLE VII OF THE CIVIL RIGHTS ACT OF 1964, AS AMENDED**

47. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
48. Plaintiff is a member of protected classes in that she is African American.
49. Plaintiff was qualified to perform the job for which she was hired.
50. Plaintiff suffered adverse job actions, including, but not limited to termination.
51. Similarly situated people outside of Plaintiff's protected class were treated more favorably than Plaintiff.
52. Circumstances exist related to the above cited adverse employment actions that give rise to an inference of discrimination.
53. Defendant discriminated against Plaintiff on the basis of her protected class.
54. No legitimate, non-discriminatory reasons exist for the above cited adverse employment actions that Plaintiff suffered.
55. The reasons cited by Defendant for the above cited adverse employment actions that Plaintiff suffered are pretext for discrimination.
56. Defendant's conduct was willful or performed with reckless disregard to her federal statutory rights.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

**COUNT II – DISCRIMINATION BASED ON RACE**
**PENNSYLVANIA HUMAN RELATIONS ACT**

57. Plaintiff incorporates the preceding paragraphs as if set forth more fully at length herein.
58. The foregoing conduct by Defendant constitutes unlawful discrimination against Plaintiff on the basis of her protected class (African American).

59. As a result of Defendant's unlawful discrimination, Plaintiff has suffered damages as set forth herein.

**WHEREFORE**, Plaintiff seeks the damages set forth in the Prayer for Relief clause of this Complaint, *infra*.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Khadijah Hicksen-Edwards, requests that the Court grant her the following relief against Defendant:

(a) Damages for past and future wage loss;

(b) Compensatory damages for other economic and non-economic harm including, *inter alia*, mental anguish and/or emotional distress;

(c) Punitive damages;

(d) Reasonable attorneys' fees;

(e) Recoverable costs;

(f) Pre and post judgment interest;

(g) An allowance to compensate for negative tax consequences of a lump sum award in a single tax year;

(h) Order Defendant to remove and expunge, or to cause to be removed and expunged, all negative, discriminatory, and/or defamatory memoranda and documentation from Plaintiff's record of employment, including, but not limited, the pre-textual reasons cited for its adverse actions, disciplines, and termination; and

(i) Awarding extraordinary, equitable and/or injunctive relief as permitted by law, equity and the statutory provisions sued hereunder, pursuant to Rules 64 and 65 of the Federal Rules of Civil Procedure.

## JURY TRIAL DEMAND

Demand is hereby made for a trial by jury as to all issues.

**CERTIFICATION**

I hereby certify that to the best of my knowledge and belief the above matter in controversy is not the subject of any other action pending in any court or of a pending arbitration proceeding, nor at the present time is any other action or arbitration proceeding contemplated.

**RESPECTFULLY SUBMITTED,**

**KOLLER LAW, LLC**

Date: September 9, 2026

**By:** ***/s/David M. Koller***

David M. Koller, Esquire
Jordan D. Santo, Esquire
2043 Locust Street, Suite 1B
Philadelphia, PA 19103
215-545-8917
davidk@kollerlawfirm.com
jordans@kollerlawfirm.com

*Counsel for Plaintiff*